IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCUS GRIGGS, #261331,          )
                                 )
            Plaintiff,           )
                                 )
v.                               )          CIVIL ACTION NO. 2:09-CV-172-TMH
                                 )                      [WO]
                                 )
OFFICER FITZPATRICK,             )
                                 )
            Defendant.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Marcus Griggs ["Griggs"], an indigent state inmate currently confined at the Bullock County Correctional Facility.  In this complaint, Griggs alleges that officer Fitzpatrick violated his constitutional rights when he pointed his finger at the plaintiff's face and referred to the plaintiff using a derogatory name.  *Plaintiff's Complaint - Court Doc. No. 1* at 2.

Upon consideration of the claims presented in the complaint and in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), the court concludes that dismissal of this case with prejudice prior to service of process is appropriate.[1]

**DISCUSSION**

Griggs complains that officer Fitzpatrick acted improperly when he "put his finger in my

---

[1]The court entered an order granting Griggs leave to proceed *in forma pauperis* in this cause of action. *Order of March 5, 2009 - Court Doc. No. 3*. Consequently, Griggs must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

face and called me a bitch mother------." *Plaintiff's Complaint - Court Doc. No. 1* at 2.  Griggs

contends the use of this derogatory name by Fitzpatrick was disrespectful. *Id*. at 3.  To state a

viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have

deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American*

*Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130

(1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993

F.2d 837, 840 (11th Cir. 1993).  Derogatory or abusive comments made by a correctional officer

to an inmate do not rise to the level of a constitutional violation.  *Sepulveda v. Burnside*, 170

Fed. Appx. 119, 124 (11th Cir. 2006) (reference to plaintiff "as a 'snitch' in the presence of other

inmates" does not rise to the level of a constitutional violation); *Edwards v. Gilbert*, 867 F.2d

1271, 1274 n.1 (11th Cir. 1989) (verbal taunts directed at plaintiff do not violate his constitutional

rights); *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983) (disparaging comments directed to an

inmate by a correctional officer do not implicate the Constitution).  Furthermore, the claim that

a correctional officer pointed his finger at an inmate likewise fails to allege the violation of any

constitutional right.  Thus, this case is due to be dismissed as frivolous in accordance with the

provisions of  28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be

dismissed with prejudice prior to service of process as required by 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before April 15, 2009 the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of April, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE